UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRESTON D. ADAMS, JR.,

    Plaintiff,

v.                                                                Case No. 17-cv-1284-pp

ROBERT KOWALSKI, GWEN LUEDCKE,[1]
and FIVE UNKNOWN AGENTS of the
City and County of Milwaukee or the
State of Wisconsin,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE (DKT. NO. 6), DENYING WITHOUT PREJUDICE DONNA L. HARRIS, ROBERT KOWALSKI AND GWEN LUEDCKE'S MOTION TO DISMISS (DKT. NO. 8), AND REQUIRING THE PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

On September 26, 2017, the plaintiff—representing himself—filed a complaint, dkt. no. 1, and paid the $400 filing fee. The plaintiff named as defendants Robert Kowalski, Gwen "Lichte," and "five unknown agents of the City and County of Milwaukee or the State of Wisconsin." Dkt. No. 1 at 1. The complaint alleged that on three occasions—in July 2005, August 2006 and March 2008—the defendants seized him in violation of the Fourth Amendment, and denied him due process under the Fifth and Fourteenth Amendments. Dkt. No. 1 at 1-2. It also alleged that the defendants had "conspired to keep the true

---

[1] The plaintiff spelled this defendant's last name as "Lichte." The defendants' lawyer spells it "Luedcke," which the court assumes is the correct spelling.

1

facts of these incidents secret from the plaintiff," and that he did not learn of the "true facts" until 2016—the year before he filed his federal complaint. Id. at 3.

The following week, Attorney Timothy A. Provis filed a notice of appearance on behalf of the plaintiff. Dkt. No. 3. On December 18, 2017, the plaintiff filed an executed waiver of service of the summons form. Dkt. No. 5. The form lists the caption of the case as "Preston Adams v. Donna L. Harris." Id. at 1. Yet the name "Donna L. Harris" does not appear anywhere in the complaint. The waiver is signed by Michael Morris, who gives an email address at the Wisconsin Department of Justice.

On December 25, 2017, the plaintiff's lawyer filed a motion asking the court to extend the deadline for him to serve the defendants. Dkt. No. 6. The motion indicates that "a waiver of service has been filed," id. at 1, without noting that that waiver came from someone who isn't named as a defendant in the suit. It then says that while counsel had mailed the complaint and waiver forms "to the named defendants" that week, the "devilishly difficult problem" was the fact that the plaintiff did not know the names of some of the defendants. Id. at 1-2. Counsel stated that he knew the first name for one or two of them, but that this was not enough information to allow him to discover their addresses. Id. at 2. He asked the court to extend the service deadline to thirty days after he'd identified all of the defendants through the discovery process. Id. at 1.

A couple of weeks later, on January 5, 2018, Michael D. Morris—the attorney who'd signed the waiver of service form for Donna L. Harris—filed a notice of appearance on behalf of named defendants Robert Kowalski and Gwen Luedcke, as well as on behalf of non-party Donna L. Harris. Dkt. No. 7. That same day, he filed a motion to dismiss the complaint. Dkt. No. 8. The motion alleged that the lawsuit was barred by the statute of limitations. Id.

On January 26, 2018, the plaintiff, through counsel, responded that while the motion to dismiss correctly identified the applicable limitations statute, the six-year limitations period had not begun to run until he learned that he'd been injured, and learned who had injured him. Dkt. No. 10 at 1-2. He argued that, as he'd alleged in his complaint, he had not been aware that his imprisonments had been wrongful until "well after the limitations period expired" because the defendants had engaged in a "conspiracy of silence" against him. Id. at 2.

The court will deny the motion to dismiss the complaint, will give the plaintiff an opportunity to amend the complaint and will grant the plaintiff's motion for additional time serve the complaint on the unknown defendants.

**I.    Defendants' Motion to Dismiss (Dkt. No. 8)**

A.    Standard

To survive a motion to dismiss, a plaintiff must satisfy Federal Rule of Civil Procedure 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The allegations in the complaint must support a finding that the plaintiff is entitled to relief beyond the speculative level. E.E.O.C. v. Concentra Health Srvs., Inc., 496 F.3d 773, 777 (7th Cir. 2007). The court construes the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." Lee v. City of Chi., 330 F.3d 456, 459 (7th Cir. 2003). "Dismissing a complaint as untimely at the pleading state is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." Cancer Found., Inc., v. Cerberus Capital Mgmt. LP, 559 F.3d 671, 674 (7th Cir. 2009) (citing Hollander v. Brown, 457 F.3d 688, 690 (7th Cir. 2006)).

  B. The Complaint

  The plaintiff alleges that on July 8, 2005, a judge in the Milwaukee County Circuit Court placed him on "18 months misdemeanor probation" in Case No. 2005CM01. Dkt. No. 1 at ¶7. The court transferred probation to another state. Id. On August 21, 2006, officers allegedly arrested the plaintiff in Scott County, Missouri on a felony probation warrant issued in Wisconsin. Id. at ¶8. He remained in the Milwaukee County Detention Center until December 15, 2006, without any judicial hearing. Id. The plaintiff alleges that he was discharged from probation on January 8, 2007. Id.

4

The plaintiff alleges that the following year—on March 31, 2008—he served fifteen days in custody in the Milwaukee County Jail and the House of Correction following his arrest in Madison, Wisconsin. Id. at 2. Again, the plaintiff alleges that he was "never brought before a judge and never had any kind of judicial hearing on this matter." Id.

Based on these events, the plaintiff has sued probation officers Robert Kowalski and Gwen Luedcke, as well as five unknown agents, alleging that they (1) unreasonably seized him in violation of the Fourth Amendment, and in violation of his due process and equal protection rights; (2) denied him court process in violation of his rights under the Fifth and Fourteenth Amendments; and (3) conspired to deprive the plaintiff of equal protection of law. Id. at ¶¶11-13. He alleges that the "incorrect or false entries in the Wisconsin Consolidated Court Automation Program website related to these incidents are continuing to cause injury to plaintiff's reputation to this day." Id. at ¶¶11, 12, 13. He also asserts that he "did not learn of the true facts of these incidents until 2016" and the "conspiracy of silence violated" his equal protection rights. Id. at ¶13.

C.   The Statute of Limitations

In §1983 cases, federal courts adopt the forum state's statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). The Seventh Circuit has applied Wisconsin's six-year statute of limitations in cases involving §1983 personal rights claims. Gray v. Lacke, 885 F.2d 399, 408 (7th Cir. 1989). While the length of the limitations period comes from state law, the *accrual* date of a §1983 case—when that limitation period starts to run—is a question of federal

5

law "conforming in general to common-law tort principles." Wallace, 549 U.S. at 387-88. A §1983 claim accrues "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004) (quoting Kelly v. City of Chi., 4 F.3d 509, 511 (7th Cir. 1993)).

Last year the United States Supreme Court held that it is a violation of a person's constitutional rights to hold him in custody without probable cause. Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 920 (2017). The Supreme Court remanded that case to the Seventh Circuit to determine when such a cause of action accrues. Id. The Seventh Circuit recently issued an order explaining that in cases where the person was in custody "by authority of a judicial decision that probable cause existed to show" that he had committed an offense, the event that started the limitations period running was his release from that judicially-authorized custody. Manuel v. City of Joliet, Ill., No. 14-1581 slip op. at 5-6 (7th Cir. Sept. 10, 2018). (That decision may not be final; the Seventh Circuit recently vacated the mandate after extending the time for the parties to petition for a rehearing. Id. at Dkt. No. 75.)

At first glance, it appears likely that the plaintiff's limitations periods have expired for all three circumstances—the July 2005 arrest (which took place over thirteen years before he filed his complaint), the August 2006 arrest (which took place over twelve years before he filed his complaint), and the March 2008 arrest (in which he appears to have been released in mid-April 2008—over ten years before he filed his complaint). Given the amount of time

6

that has passed, it appears that the limitations period may have expired whether his causes of action accrued on the date of his arrest, or the date he was released from custody (or probation, as the case may be).

But the Seventh Circuit has cautioned that it is "irregular" for courts to dismiss a case at the pleading stage based on the statute of limitations, because "a complaint need not anticipate or overcome affirmative defenses such as a statute of limitations." Hollander, 457 F.3d at 691 n.1 (stating that a "federal complaint does not fail to state claim simply because it omits facts that would defeat a statute of limitations defense.")

The plaintiff alleges that he did not learn of the true facts supporting his claim until 2016. He does not explain why it took eight years for him to realize that he had been incarcerated without authority and without a judicial hearing. Nevertheless, at the motion to dismiss stage, the court must accept as true the allegations in the plaintiff's complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombley, 550 U.S. at 555-56). At this early stage, based on the complaint as drafted by the plaintiff, the court cannot conclude that the case is barred by the statute of limitations. The court will deny without prejudice the defendants' motion to dismiss.

II. **Amending the Complaint**

As discussed above, the plaintiff drafted the complaint without the assistance of a lawyer. His lawyer filed a notice of appearance a week later. There are a number of problems with the complaint, which a lawyer might be able to correct. For example, even though the plaintiff's lawyer obtained a

waiver of service on behalf of Donna L. Harris, and even though defense counsel has appeared on behalf of Donna L. Harris (and the clerk's office added her name to the caption of the case), the complaint does not sue, or mention, a Donna L. Harris. The complaint names Gwen "Lichte" as a defendant—as previously stated, it appears from the defendants' filings that this defendant's last name is "Luedcke." The complaint mentions two individual defendants, but does not explain what each of these defendants did to violate his rights. He does not explain which probation agent was involved in which arrest. He does not explain whether these probation agents were the ones who took him into custody, or filed revocation requests, or testified at hearings. He does not explain what the unnamed "John/Jane Doe" defendants did to violate his rights. He does not explain how probation officers might have had anything to do with denying him judicial process.

The court will give the plaintiff an opportunity to amend his complaint to remedy these problems. The plaintiff must file the amended complaint using the court's complaint form. He must put the word "Amended" in front of the word "Complaint" at the top of the first page, and must use the case number assigned to this case (Case No. 17-cv-1284-pp). He must name as a defendant every person he wishes to sue; if he does not know the person's name, he can use a "John Doe" or "Jane Doe" placeholder for that person. He must describe in the complaint what each defendant—including John and Jane Doe defendants—did to violate his rights, when they did it, where they did it and

why the plaintiff believes they did it. The defendants then may answer or otherwise respond to the amended complaint.

### III. Plaintiff's Motion for Extension of Time for Service (Dkt. No. 6)

The plaintiff filed a motion to extend the time to serve the unknown defendants, asking for an additional thirty days after he has identified them in discovery. Dkt. No. 6.

The court may extend a deadline for good cause if a party files a request for an extension before the original deadline passes. Fed. R. Civ. P. 6(b)(1)(A). A plaintiff has ninety days to serve the defendants, Fed. R. Civ. P. 4(m); in this case, the plaintiff was required to effect service by December 26, 2017. He filed his motion for an extension on December 25, 2017. Dkt. No. 6. The plaintiff timely asked for an extension of time, and has stated good cause.

Perhaps more relevant, the court is requiring the plaintiff to amend the complaint. Once he has done so, he may serve those defendants whose identity he knows. If he discovers the names of any unknown defendants after that time, he may serve those defendants within thirty days of the date he learns of their identities.

### IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the defendants' motion to dismiss. Dkt. No. 8.

The court **ORDERS** that by the end of the day on October 26, 2018, the plaintiff shall file an amended complaint that complies with the requirements of this order. If the plaintiff does not either file the amended complaint or a

motion for additional time to do so, by the end of the day on October 26, 2018, the court may dismiss this case for failure to diligently pursue it under Civil L.R. 41(c).

The court **GRANTS** the plaintiff's motion to extend the deadline to serve the amended complaint on any John or Jane Doe defendant, until thirty days after the plaintiff learns of their identities through discovery. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 26th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**