UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PRESTON D. ADAMS, JR.,

      Plaintiff,

v.                                       Case No. 17-cv-1284-pp

ROBERT KOWALSKI, GWEN LUDCKE,
DONNA HARRIS and JANE DOE,

      Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 15)**

---

On September 26, 2017, the plaintiff (representing himself) filed a complaint and paid the $400 filing fee. Dkt. No. 1. The plaintiff named as defendants Robert Kowalski, Gwen "Lichte" and "five unknown agents of the City and County of Milwaukee or the State of Wisconsin." Dkt. No. 1 at 1. The complaint alleged that on three occasions—in July 2005, August 2006 and March 2008—the defendants seized the plaintiff in violation of the Fourth Amendment and denied him due process under the Fifth and Fourteenth Amendments. Dkt. No. 1 at 1-2. The following week, Attorney Timothy A. Provis filed a notice of appearance on behalf of the plaintiff. Dkt. No. 3.

The defendants moved to dismiss the complaint on the ground that the claims were barred by the statute of limitations. Dkt. No. 8. The court denied the motion without prejudice, gave the plaintiff an opportunity to amend the complaint and granted the plaintiff's motion for additional time to serve the

1

complaint on Doe defendants. Dkt. No. 12. The court advised the plaintiff to use the opportunity to

> describe in the complaint what each defendant—including John and Jane Doe defendants—did to violate his rights, when they did it, where they did it and why the plaintiff believes they did it.

Id. The court instructed the plaintiff to explain how each of the named defendants violated his rights, explain which probation agent was involved in his arrest and explain whether these probation agents were the ones who took him into custody, or filed revocation requests, or testified at hearings. Dkt. No. 12.

On October 26, 2018, the plaintiff—now represented by his lawyer—uploaded a document titled "First Amended Complaint for Damages;" counsel selected "amended document" from the pick list when uploading the document, and that is how the amended complaint was docketed. Dkt. No. 13. The same day, the clerk's office re-docketed the amended complaint as an amended complaint. Dkt. No. 16. The defendants responded by filing a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. No. 15. They asked that the plaintiff explain what each defendant—including the Doe defendants—had done to violate the plaintiff's rights, when they did it, where it was done and why the plaintiff believes they did it. Id. The plaintiff does not oppose the defendant's motion, asking only that the court give him thirty days to file a second amended complaint. Dkt. No. 17.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to include a short and plain statement of the claim showing that he is entitled to

relief. Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2), the complaint must (1) describe the claim with sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest that the plaintiff has a right to relief on more than a speculative level. EEOC v. Concentra Health Servs., 496 F.3d 773, 776 (7th Cir. 2007). A defendant may move for a more definite statement under Rule 12(e) when a complaint is too vague or ambiguous for the party to reasonably prepare a response. Fed. R. Civ. P. 12(e). Under Rule 12(e), it is within the court's discretion whether to order a party to provide a more definite statement. The motion must point out the defects complained of and the details desired. See Fed. R. Civ. P. 12(e); American Nurses' Ass'n v. State of Ill., 783 F.2d 716, 726 (7th Cir. 1986).

The court agrees that the amended complaint does not provide the defendants with sufficient details to provide the defendants with fair notice. Other than explaining the employment status of each defendant, the complaint does not allege that any individual defendant did anything to violate the plaintiff's rights. Much of the amended complaint uses the passive voice—the plaintiff "was placed" on probation, the plaintiff "was arrested," a warrant "issued." The plaintiff does not identify who placed him on probation, who arrested him, who caused the warrant to issue.

The plaintiff's first claim for relief alleges that someone unreasonably seized the plaintiff in violation of his Fourth and Fourteenth Amendment rights. If the plaintiff wants to proceed on this claim, he needs to identify *who* unreasonably seized him, when and where they did it, and why the seizure was

3

unreasonable. The second claim is that someone deprived the plaintiff of his liberty without due process. If the plaintiff wants to proceed on this claim, he must identify *who* deprived him of his liberty and when and where they did it. The plaintiff's third claim is conspiracy to deprive him of equal protection of the law; he must identify the defendants he claims agreed with each other to deprive him of equal protection of the law. He must also explain the basis for his equal protection claim—is he claiming that the defendants treated him differently than other similarly situated people because of his race? His gender? His age or religious beliefs? The complaint is silent as to any basis for an equal protection claim.

The court will give the plaintiff one more opportunity to make specific allegations supporting his claim.

The court **GRANTS** defendants' motion for a more definite statement. Dkt. No. 15. The court **ORDERS** that if the defendant wants to proceed with this case, he must file a second amended complaint by the end of the day on **Friday, June 28, 2019**. If the court does not receive a second amended complaint by the end of the day on June 28, 2019, the court may dismiss the amended complaint for failure to state a claim.

Dated in Milwaukee, Wisconsin this 29th day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**