UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRESTON D ADAMS, JR,

    Plaintiff,

                       Case No. 17-cv-1284-bhl

 v.

ROBERT KOWALSKI, et al.,

    Defendants.

## ORDER GRANTING MOTION FOR JUDGMENT
## ON THE PLEADINGS

    On September 26, 2017, Plaintiff Preston Adams filed a pro se complaint under 42 U.S.C. §1983 against two probation officers and "five unknown agents … employed by either the City of Milwaukee, the County of Milwaukee or the State of Wisconsin." (ECF No. 1.) The complaint alleges that Defendants unlawfully arrested Adams twice, once in 2006 and once in 2008, and violated his Constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. (*Id.*) On October 3, 2017, Attorney Timothy Provis filed a notice of appearance on behalf of Adams. (ECF No. 3.) Adams has since twice, through counsel, amended his complaint. (ECF Nos. 16 & 20.) Defendants answered the second amended complaint on July 12, 2019. (ECF No. 25.) On August 12, 2019, the Court entered a scheduling order and the parties began discovery. (ECF No. 28.)

    On January 21, 2020, Defendants filed a motion for judgment on the pleadings.[1] (ECF No. 30.) Defendants seek entry of judgment based on facts they claim are deemed "conclusively established" as a result of Plaintiff's failure to respond to Requests for Admission. Plaintiff has not disputed that he failed to respond to the Requests for Admission. In fact, he has not responded to Defendants' motion in any way. The Court will grant Defendants' motion for two independent reasons.

---

[1] In the same motion, Defendants also asked the Court to stay the summary judgment deadline. (ECF No. 30.) The Court granted Defendants' motion to stay the summary judgment deadline in a separate order. (ECF No. 34.)

First, under Civil L. R. 7(b), Plaintiff's response to Defendants' Motion for Judgment on the Pleadings was due within 21 days of service of the motion, or by February 11, 2020. Plaintiff has missed that deadline by more than a year. This failure to respond timely is itself a sufficient ground to grant the relief requested. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.")

Second, and moreover, Defendants' motion and supporting materials establish that they are entitled to relief. Based on Plaintiff's admissions, his suit is barred by the statute of limitations. Plaintiff has admitted that he was arrested by a valid warrant for probation violations and that he knew the facts surrounding his arrest in 2008. At the time Plaintiff filed his complaint, federal courts sitting in Wisconsin were required to apply Wisconsin's six-year statute of limitations in cases involving §1983.[2] *See Gray v. Lacke*, 885 F.2d 399, 408 (7th Cir. 1989). A §1983 claim begins to accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly v. City of Chi.*, 4 F.3d 509 (7th Cir. 1993)). Therefore, even if his underlying claim had some validity at some point, Plaintiff's failure to file suit in a timely fashion—he waited more than nine years passed after his arrest to file suit—renders his claims barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for judgment on the pleadings, (ECF No. 30), is **GRANTED** and the case is **DISMISSED**. The clerk's office will enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 8, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge

---

[2] In *Gray v. Lacke*, the Seventh Circuit held that federal courts must apply the statute of limitations found in Wis. Stat. §893.53 to claims arising under §1983. *Gray*, 885 F.2d at 409. At that time, Wis. Stat. §893.53 specified a six-year statute of limitations. In 2018, the Wisconsin legislature reduced the relevant statute of limitations to three years. It is clear, however, that this action is subject to the six-year statute of limitations, because the events in question occurred before the statute was amended. *See D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. October 8, 2020).